DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL FORD STIRES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-2477

[July 8, 2026]

Appeal from the County Court for the Nineteenth Judicial Circuit, Okeechobee County; William J. Wallace, Judge; L.T. Case No. 472025CT000067CTAXMX.

Michael Ford Stires, Okeechobee, pro se.

James Uthmeier, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The appellant challenges his conviction after jury trial of driving while license suspended with a prior conviction. He raises a litany of purported errors that either lack merit, were not raised below, or were waived. We decline to address these arguments and note that some arguments were not sufficiently clear for us to consider. Accordingly, we affirm.

We also take the opportunity to remind litigants that the sheer volume of authorities cited in a brief does not substitute for legal analysis. Modern research tools have made it increasingly easy to assemble lengthy collections of legal authorities. But the task of advocacy remains unchanged. When a litigant presents extensive strings of citations without explaining their relevance to the issues on appeal, the result is not enhanced advocacy, but actually diminished clarity. Such briefing places the court in the untenable position of attempting to discern and develop arguments that the litigant himself has not articulated. Appellate courts are limited to reviewing arguments, not creating them. *See Lynn v. City of Fort Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955) (recognizing that "[i]t is elementary" that the appellant has the burden "to make error clearly

appear," and that he "does not discharge this duty by merely posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for decision"); *Fuller v. HCA Fla. JFK N. Hosp.*, 432 So. 3d 564, 565 (Fla. 4th DCA 2026) ("Pro se litigants are bound by the same rules that apply to counsel; a pro se litigant is still required to adequately present his arguments on appeal."); *Hammond v. State,* 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived."); *Manatee Cnty. Sch. Bd. v. NationsRent, Inc.*, 989 So. 2d 23, 25 (Fla. 2d DCA 2008) (observing that it would be inappropriate to "theorize about what the [appellant] could have argued or intended to argue," as to do so "would require us to depart from our role as a neutral tribunal and to become an advocate").

*Affirmed.*

CIKLIN, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

2